**ANDREW SKLAR, ESQUIRE (016751992)**
**Sklar Law, LLC**
**20 Brace Road, Suite 205**
**Cherry Hill, New Jersey 08034**
**(856) 258-4050**
**Special Counsel for Chapter 7 Trustee**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of: | : IN THE PROCEEDING UNDER |
| | : CHAPTER 7 |
| | : OF THE U.S. BANKRUPTCY CODE |
| A-ONE LEASING, LLC, | : |
| Debtor. | : CASE NO.: 22-18807-JNP |
| | |
| BRIAN THOMAS, | : |
| CHAPTER 7 TRUSTEE | : |
| | : ADV. PRO. NO.: 24-1607 |
| Plaintiff, | : |
| | : **Amended Adversary Complaint for Turnover;** |
| | : **to Avoid Transfers Pursuant to** |
| | : **11 U.S.C. §544 and N.J.S.A. 25:2-25,** *et.* |
| JAMES B. BURNS, JR., A ONE | : *seq*; **and to Recover Property** |
| CONTRACTORS, LLC and JOHN | : **Transferred Pursuant to 11 U.S.C. §550** |
| DOES 1-10, & ABC CORPORATIONS | : |
| 1-10 | : |
| Defendants. | : |

Brian Thomas, Trustee herein, whose address is 327 Central Avenue, Suite 103, Linwood, New Jersey 08221, by way of Complaint says:

**JURISDICTION AND PARTIES**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157, and the Standing Order of Reference issued by the United States District Court for the District of New Jersey on July 23, 1984, as amended on September 18, 2012.

2. This is an adversary proceeding to avoid transfers pursuant to 11 U.S.C. §§544, 548, 549 and N.J.S.A. 25:2-25 *et seq*; to recover property transferred pursuant to §§542 and 550; and for turnover of property of the Estate.

3. This matter is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(E), (H) and (O).

4. Nevertheless, should the Court determine that this is not a core proceeding, the Trustee consents to entry of final judgment by the Bankruptcy Court.

5. Venue of this adversary proceeding in this District is proper pursuant to 28 U.S.C. §1409.

6. On November 6, 2022 (the "Petition Date"), A One Waste Solutions, LLC (the "Debtor") filed a voluntary Petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

7. The following day, Andrew Finberg was appointed as Chapter 7 Trustee by the Office of the United States Trustee.

8. On August 30, 2023, Brian Thomas ("Plaintiff" or "Trustee") was appointed as Successor Chapter 7 Trustee by the Office of the United States Trustee.

9. On June 11, 2024 an Order for Substantive Consolidation was entered, with A-One Leasing, LLC, with a lead case number of 22-18807.

10. The Debtor was a local trucking business and operated as a single member limited liability company with Nicolette Burns ("Nicolette") as the sole member of the Debtor.

11. Defendant, James B. Burns, Jr, located at 771 Watsontown Road, Berlin, NJ 08009, is the estranged spouse of Nicolette M. Burns and former employee/manager of A-One Waste Solutions, LLC d/b/a A-one Hauling, and A-One Leasing, LLC.

12. In or about 2022, Defendant Burns created a new corporation, A One Contractors, LLC ("Contractors"), which was a direct competitor of the Debtor. By information and belief, Defendant Burns is the sole member of Contractors.

## BACKGROUND

13. James and Nicolette are embroiled in a contested divorce action. James was primarily the employee in charge of the Debtor's operations prior to their separation and divorce.

14. During the pendency of the divorce, Nicolette Burns and A-One Waste Solutions, LLC d/b/a A-one Hauling, A-One Leasing, LLC filed two Orders To Show Cause with Temporary Restraints against James B. Burns, A-One Contractors, LLC, Sherri Stiles-Kuhn, Stiles Hauling, LLC., in Camden County Chancery Court under docket # CAM-C-28-22.

15. Upon information and belief, the above action was filed to stop Defendants James B. Burns and A One Contractors, LLC from use of any of Debtors' property, assets, funds or employees for anything other than A-One Business purposes.

16. On July 6, 2022, in the Chancery Court matter <u>Nicolette M. Burns, A-One Waste Solutions, LLC d/b/a A-One Hauling, A-one Leasing, LLC v. James B. Burns, et als.,</u> (Docket # CAM-C-28-22) an Order was entered providing that Defendants James B. Burns and A-One Contractors must immediately cease use of any A-One property, assets, funds or employees for anything other than A-One Business purposes. It was also Ordered that Defendant James B. Burns must return $470,481.25 to the A-One businesses, which funds shall only be used to pay A-One debts incurred in the ordinary course of A-One's business during the pendency of the Order To Show Cause. A copy of this Order is annexed hereto as Exhibit A.

17. Defendant James B. Burns has failed to comply with the Court Order dated July 6, 2022, and has not returned the amount of $470,481.25 to the Debtor as Court Ordered.

18.     Additionally, the financial records of the Debtor show that from the period of January 8, 2021 through September 9, 2022, Defendant James B. Burns, Jr., wrongfully took over $764,740.90 that rightfully belong to the debtor, by collecting payments from customers and cashing those customer checks at a check cashing agency and/or directing that all payments be made payable to Contractors.

19.     Additionally, the financial records of the Debtor show that from the period January 2020 to December 2020, defendant Burns made unauthorized cash withdrawals from the Debtor's bank account totaling $245,786.30.

20.     Upon information and belief, at all times relevant hereto, the John Doe Defendants, were natural person(s), corporation(s), partnership(s), limited liability company(ies) and/or other unincorporated business entity(ies) duly organized and existing under the law of the State of New Jesey and/or otherwise authorized to transact business in the State of New Jersey.

21.     The debtor had no legal obligation to pay or transfer money to any of the Defendants and received no benefit from the transfer of these funds.

## COUNT ONE
**(Failure to remit payment to Debtor as court ordered)**

22.     Plaintiff reasserts each and every allegation set forth in all the preceding paragraphs of this Complaint as though fully set forth herein.

23.     On July 6, 2022, in the Superior Court of New Jersey, Chancery Division, Camden County matter <u>Nicolette M. Burns, A-One Waste Solutions, LLC d/b/a A-One Hauling, A-one</u>

Leasing, LLC v. James B. Burns, et als., (Docket # CAM-C-28-22) an Order was entered providing that Defendants James B. Burns and A-One Contractors, LLC must return $470,481.25 to the Debtor, which funds were to be used to pay A-One debts incurred in the ordinary course of A-One's business during the pendency of the Order To Show Cause. (Exhibit A)

24.     Defendants have failed to pay the Debtor $470,481.25 as Ordered.

**WHEREFORE,** Plaintiff, Brian Thomas, Trustee of the Bankruptcy Estate of A-One Waste Solutions, LLC and A-One Leasing, LLC, demands judgment against defendants James B. Burns, Jr. and A One Contractors, LLS on this count as follows;

a. Entering Judgment against Defendants James B. Burns, Jr. and A One Contrtactors, LLC, jointly, severally and in the alternative, in the amount of $470,481.25;

b. Directing payment to Plaintiff in the amount of $470,481.25

c. Awarding costs of suit, and;

d. granting other such relief as the court deems just and equitable.

## COUNT TWO
### (turnover)

25.     Plaintiff reasserts each and every allegation set forth in all the preceding paragraphs of this Complaint as though fully set forth herein.

26.     Defendants Burns and/or Contractors wrongfully transferred a significant amount of money belonging to the Debtor, totaling not less than $1,010,527.20.

27.     These funds (collectively referred to as the "Transfer") is property of the Debtor's estate pursuant to Section 541(a) of the Bankruptcy Code.

28. This Transfer is of significant value, the recovery of which will substantially benefit the creditors of the Debtor.

29. Defendants do not have a security interest in the Transfer.

30. Plaintiff is entitled to recovery of the Transfer together with interest pursuant to Section 542 of the Bankruptcy Code.

31. Pursuant to Section 550 of the Bankruptcy Code, Plaintiff is also entitled to recovery of the Transfer together with interest to the extent the transfers are avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of the Bankruptcy Code

**WHEREFORE,** Plaintiff, Brian Thomas, Trustee of the Bankruptcy Estate of A-One Waste Solutions, LLC and A-One Leasing, LLC, demands judgment against James B. Burns, Jr. and A One Contracting, LLC, jointly, severally and alternative, as follows;

a. determining that the Transfer is property of the Bankruptcy Estate;

b. directing payment to Plaintiff in the amount of $1,010,527.20;

c. awarding costs of suit; and

d. granting such other further relief as the court deems just and equitable.

### COUNT THREE
**(avoiding of intentionally fraudulent transfers)**

32. Plaintiff reasserts each and every allegation set forth in all preceding paragraphs of this Complaint as though fully set forth herein.

33. Upon information and belief, the Transfer was made with actual intent to hinder, delay or defraud the Debtor's creditors.

34. Actual intent to defraud can be inferred, *inter alia*, by the fact that the Transfer was to or for the benefit of an insider

35. Actual intent to defraud can be inferred, *inter alia*, by the fact that the Transfer was made on an obligation that did not belong to the Debtor.

36. Pursuant to 11 U.S.C. §544 Plaintiff may avoid the Transfer under applicable state law.

37. The Transfer is avoidable pursuant to N.J.S.A. 25:2-25(a) and 25:2-29.

38. Pursuant to 11 U.S.C. §550, Plaintiff may recover the value of the Transfer for the benefit of the Debtor's estate.

**WHEREFORE,** Plaintiff, Brian Thomas, Trustee of the Bankruptcy Estate of A-One Waste Solutions, LLC, demands judgment against Defendants, as follows;

  a. ordering that the Transfer is avoided;

  b. determining that the Transfer is property of the Bankruptcy Estate;

  c. directing payment to Plaintiff in the amount of $1,010,527.20;

  d. awarding costs of suit; and

  e. granting such other further relief as the court deems just and equitable.

## COUNT FOUR
**(avoidance of constructive fraudulent transfers)**

39. Plaintiff reasserts each and every allegation set forth in all the preceding paragraphs of the Complaint as though fully set forth herein.

40. Throughout the year of 2020, Defendant James B. Burns made unauthorized cash withdraws from the Debtor's bank accounts totaling $245,786.30.

41. Additionally, from January 8, 2021 through September 9, 2022 Defendants wrongfully took approximately $764,740.90 that rightfully belonged to the debtor, by collecting

payments from customers and cashing those checks at a check cashing agency. Defendants took these funds despite the fact that Debtor had no legal obligation to make these payments to Defendants.

42. Thus, the Debtor could have eliminated a significant amount of its unsecured debt with the proceeds of the Transfer, but the Debtor funds were transferred to Defendants for their personal benefit.

43. Accordingly, the Debtor did not receive reasonably equivalent value in exchange for the Transfer; and

(a) was engaged or was about to engage in business or a transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

(b) intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay as they became due.

44. Pursuant to 11 U.S.C. §544, Plaintiff may avoid the Transfer under applicable state law.

45. The Transfer is avoidable pursuant to N.J.S.A. 25:2-25(b) and 25:2-29.

**WHEREFORE,** Plaintiff, Brian Thomas, Trustee of the Bankruptcy Estate of A-One Waste Solutions, LLC and A-One Leasing, LLC, demands judgment against Deendants as follows;

a. ordering that the Transfer be avoided

b. determining that the Transfer is property of the Bankruptcy Estate;

c. directing payment to Plaintiff in the amount of $1,010,527.20;

d. awarding costs of suit; and

e. granting such other further relief as the court deems just and equitable.

## COUNT FIVE
### (unjust enrichment)

46. Plaintiff reasserts each and every allegation set forth in all the preceding paragraphs of this Complaint as though fully set forth herein.

47. Upon information and belief, the Transfer caused Defendants, a benefit, at the expense of the Debtor and its creditors.

48. Retention of the benefit of the Transfer would be unjust.

**WHEREFORE,** Plaintiff, Brian Thomas, Trustee of the Bankruptcy Estate of A-One Waste Solutions, LLC and A-One Leasing LLC, demands judgment against Defendants, as follows;

    a. determining that receipt and retention of the Transfer would be unjust;

    b. directing payment to Plaintiff in the amount of $1,010,527.20;

    c. awarding costs of suit; and

    d. granting such other further relief as the court deems just and equitable.

## COUNT SIX
### (Conversion)

49. Plaintiff reasserts each and every allegation set forth in all the preceding paragraphs of this Complaint as though fully set forth herein.

50. Through the course of Defendants' wrongful conduct complained of herein, Defendants took the Debtor's funds and other resources belonging to the Debtor without authorization, and have refused to return same.

51. Defendants' action constitutes conversion of Debtor's property.

52. As a result of Defendants' conversion, Debtor has suffered damages.

**WHEREFORE,** Plaintiff, Brian Thomas, Trustee of the Bankruptcy Estate of A-One Waste Solutions, LLC and A-One Leasing, LLC, demands judgment against Defendants for all available damages, including but not limited to compensatory damages, together with punitive damages, costs of suit, attorneys' fees, and costs of litigation, plus any other remedy this Court deems just and equitable.

## COUNT SEVEN
### (Breach of Fiduciary Duty of Loyalty)

53. Plaintiff reasserts each and every allegation set forth in all the preceding paragraphs of this Complaint as though fully set forth herein.

54. As an employee and manager of the Debtor, James owed a fiduciary duty of loyalty to the Debtor. James breached his fiduciary duty to the Debtor by, among other things, syphoning revenue from Debtor's clients for his and Contractor's benefit, and making cash withdraws from the Debtor's bank accounts for his own benefit.

55. As a direct and proximate result of Defendant's breach of fiduciary duty, Debtor sustained damages.

**WHEREFORE,** Plaintiff, Brian Thomas, Trustee of the Bankruptcy Estate of A-One Waste Solutions, LLC and A-One Leasing, LLC, demands judgment in his favor, including, but not limited to, compensatory damages, together with punitive damages, costs of suit, attorneys' fees, and costs of litigation, plus any other remedy this Court deems just and equitable.

## COUNT EIGHT
### (Theft of Services)

56. Plaintiff reasserts each and every allegation set forth in all the preceding paragraphs of this Complaint as though fully set forth herein.

57. Defendants committed a theft of services by knowingly diverting payments from Debtor's customers, to which Defendants were not entitled, to Burns, or to the benefit of another, not entitled thereto.

58. As a result of Defendants theft of services, Debtor sustained damages.

**WHEREFORE,** Plaintiff, Brian Thomas, Trustee of the Bankruptcy Estate of A-One Waste Solutions, LLC and A-One Leasing, LLC, demands judgment against be entered in his favor for all available damages, including, but not limited to, compensatory damages, together with punitive damages, costs of suit, attorneys' fees, and costs of litigation, plus any other remedy this Court deems just and equitable.

                              **SKLAR LAW, LLC**
                              Attorney for Plaintiff/Trustee
                              Brian Thomas

                              By:   /s/ Andrew Sklar
                                      Andrew Sklar, Esquire

Dated: October 26, 2024