| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>William G. Wright<br>CAPEHART & SCATCHARD, P.A.<br>8000 Midlantic Drive, Suite 300 S<br>Mt. Laurel, New Jersey 08054<br>(856) 234-6800<br>Attorneys for Defendants James B. Burns, Jr. and<br>A One Contractors, LLC | |
| In Re:<br><br>A-One Leasing, LLC,<br><br>            Debtor | Chapter 7<br><br>Case No.: 22-18807-JNP |
| Brian Thomas, Chapter 7 Trustee<br><br>            Plaintiff,<br><br>   vs.<br><br>James B. Burns, Jr., A One Contractors, LLC, and John Does 1-10 and ABC Corporations 1-10<br><br>            Defendants. | Adversary No.: 24-1607 |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS JAMES B. BURNS, JR.
AND A ONE CONTRACTORS, LLC
TO ADVERSARY COMPLAINT BY TRUSTEE**

      Defendants James B. Burns, Jr. and A One Contractors, LLC ("**Defendants**"), by and through the undersigned counsel, hereby file this Answer and Affirmative Defenses to the Adversary Complaint filed by the Plaintiff and in support thereof, states:

**JURISDICTION AND PARTIES**

1. This paragraph sets forth the Plaintiff's conclusions of law regarding jurisdiction, to which no response is required. Defendants deny that this Court has jurisdiction over the claims set forth in Counts One, Five, Six, and Seven. The claims set forth in Count One arise out of an

interlocutory order of the New Jersey Superior Court and, as such, can only be enforced in that Court. The claims set forth in Counts Five, Six, and Seven are state-law claims.

2.	This paragraph sets forth the Plaintiff's characterization of this action, which requires no response.

3.	Defendants admit the allegations set forth in paragraph 3, except that they deny that the claims set forth in Counts One, Five, Six, and Seven are core proceedings. Defendants do not consent to the entry of final judgment by the Bankruptcy Court on the claims set forth in Counts One, Five, Six, and Seven

4.	The allegations in this paragraph do not set forth a claim for relief or aver facts supporting a claim to which a response is required.

5.	This paragraph sets forth the Plaintiff's conclusions of law regarding the venue, to which no response is required.

6.	Defendants admit the allegations set forth in paragraph 6.

7.	Defendants admit the allegations set forth in paragraph 7.

8.	Defendants admit the allegations set forth in paragraph 8.

9.	Defendants admit the allegations set forth in paragraph 9.

10.	Defendants admit the allegations set forth in paragraph 10 except that they deny that Nicolette was the sole member of Debtor (defined by the Plaintiff as referring to A-One Waste Solutions, LLC, not the Debtor listed in the caption). Defendants aver that James B. Burns, Jr. ("**Burns**") has always been the sole member of Debtor.

11.	Defendants admit the allegations set forth in paragraph 11 except that they deny that Burns is located at 771 Watsontown Road, Berlin, NJ 08009.

12. Defendants admit the allegations set forth in paragraph 12 except that they deny that Contractors competed with Debtor. Defendants aver that Contractor first engaged in business operations after Debtor had ceased business operations.

## BACKGROUND

13. Defendants admit the allegations of paragraph 13 except that they deny that Burns "was primarily the employee in charge of the Debtor's operations before their separation and divorce." Defendants aver that Burns was primarily in charge of scheduling, pickup, and delivery operations while Nicolette was primarily in charge of billing, collections, banking, and other back office operations.

14. Defendants admit the allegations of paragraph 14.

15. The allegations in this paragraph do not set forth a claim for relief or aver facts supporting a claim to which a response is required. To the extent a response is required, these allegations purport to summarize or characterize pleadings filed in the Chancery Action. Defendants respectfully refer the Court to the cited documents for a full and accurate statement of their contents.

16. The allegations in this paragraph do not set forth a claim for relief or aver facts supporting a claim to which a response is required. To the extent a response is required, these allegations purport to summarize or characterize an order entered on July 6, 2022, in the Chancery Action. Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

17. Defendants deny the allegations of paragraph 17 except that they admit that Defendants have not returned the full $470,481.25 to the A-One Businesses. Defendants aver that they returned a portion of these monies.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. The allegations in this paragraph do not set forth a claim for relief or aver facts supporting a claim to which a response is required.

21. This paragraph sets forth the Plaintiff's conclusions of law to which no response is required. To the extent an answer is required, Defendants deny the allegations of this paragraph.

## COUNT ONE
(*Failure to remit payment to Debtor as court ordered*)

22. Defendants reallege and incorporate by reference their answers to the allegations stated above as if fully rewritten herein.

23. The allegations in this paragraph do not set forth a claim for relief or aver facts supporting a claim to which a response is required. To the extent a response is required, these allegations purport to summarize or characterize an order entered on July 6, 2022, in the Chancery Action. Defendants respectfully refer the Court to the cited document for a full and accurate statement of its contents.

24. Defendants admit they have not returned the full $470,481.25 to the A-One Businesses but aver that they returned a portion of it.

## COUNT TWO
(*Turnover*)

25. Defendants reallege and incorporate by reference their answers to the allegations stated above as if fully rewritten herein.

26. Defendants deny the allegations of paragraph 26. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

27. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

28. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

29. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

30. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

31. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

## COUNT THREE
(*Avoiding of Intentionally Fraudulent Transfers*)

32. Defendants reallege and incorporate by reference their answers to the allegations stated above as if fully rewritten herein.

33. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

34. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

35. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

36. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

37. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

38. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

## COUNT FOUR
### (*Avoiding of Constructive Fraudulent Transfers*)

39. Defendants reallege and incorporate by reference their answers to the allegations stated above as if fully rewritten herein.

40. Defendants deny allegations of this paragraph.

41. Defendants deny allegations of this paragraph.

42. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

43. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

44. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

45. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

## COUNT FIVE
### (*Unjust Enrichment*)

46. Defendants reallege and incorporate by reference their answers to the allegations stated above as if fully rewritten herein.

47. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

48. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

## COUNT SIX
(*Conversion*)

49. Defendants reallege and incorporate by reference their answers to the allegations stated above as if fully rewritten herein.

50. Defendants deny the allegations of this paragraph.

51. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

52. Defendants deny that there was a Transfer. The remaining allegations of this paragraph set forth the Plaintiff's conclusions of law to which no response is required.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. The claims set forth in Court One are based on an interlocutory order and can only be enforced in the New Jersey Superior Court.

3. The actions of Defendants on which Plaintiff's claims are premised are the subject of a pending action in the New Jersey Superior Court. This action should be stayed pending the outcome of that action. The state court is already familiar with the issues and is closer to resolving them; the issues in the adversary proceeding are substantially similar to those being litigated in state court action; a stay might prevent duplicative litigation and inconsistent rulings; and the state court has specialized expertise relevant to the issues at hand.

4. Defendant reserves the right to rely upon such other affirmative defenses as may be supported by the facts to be determined through full and complete discovery.

WHEREFORE, Defendant demands judgment against Trustee as follows:

a) Dismissing this action with prejudice;

b) Awarding defendant costs and other relief as the Court may deem appropriate.

Dated: November 29, 2024   Respectfully submitted,

*/s/ William G. Wright*

_____
William G. Wright, Esquire
CAPEHART & SCATCHARD, P.A.
8000 Midlantic Drive, Suite 300 S
Mt. Laurel, New Jersey 08054
(856) 234-6800

*Attorneys for Defendants James B. Burns, Jr. and A One Contractors, LLC*

## RESERVATION OF RIGHTS

Defendants reserve the right to amend or supplement this Answer pending the outcome of discovery and further investigation.

Dated: November 29, 2024   Respectfully submitted,

*/s/ William G. Wright*

_____
William G. Wright, Esquire
CAPEHART & SCATCHARD, P.A.
8000 Midlantic Drive, Suite 300 S
Mt. Laurel, New Jersey 08054
(856) 234-6800

*Attorneys for Defendants James B. Burns, Jr. and A One Contractors, LLC*